WILLIAMS, Respondent, vs. ARNOLD and others, Appellants.

*April 1—April 20, 1909.*

*Entire contracts: Breach: Pleading: Amendment to conform to proofs: Excessive damages.*

1. The rule that where performance of an entire contract is stipulated in exchange for a specified consideration, performance in full is a condition precedent to a rightful claim for such consideration, does not apply to release from performance in part of an entire contract which is easily severable and may be and is severed into parts to the advantage of the person who has paid for full performance.

2. Where defendants sold two houses to plaintiff for a paid sum, agreeing to keep both houses rented for a certain period, the selling of one does not release defendants from their agreement to keep the other rented.

3. Where evidence warrants a recovery in excess of the amount originally demanded, an amendment of the complaint to con-

form to the proof, increasing the amount of damages claimed, is proper.

4. Where defendants sold houses to plaintiff, agreeing to keep them rented at a given sum for a definite period, and thereafter abandoned the contract, plaintiff, on obtaining the best rental possible, is entitled to recover the difference as damages.

5. Where plaintiff recovered $15.54 more than the total amount lost by defendants' breach of contract, and an allowance of interest from the commencement of the action would exceed that sum, the damages recovered are not excessive.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

Action for damages for breach of contract, commenced January 30, 1908.

Plaintiff's claim was that on July 20, 1905, he purchased two houses of defendants; that, as part consideration for the price paid, they bound themselves to keep such houses rented, at $40 per month for each, to desirable tenants till July 20, 1907, and failed to do so, to his damage $526.96.

Defendants answered, admitting making the contract, denying some allegations in the complaint, pleading that the loss suffered by plaintiff, if any, was attributable to his own breach of contract, specified; that he sold one of the houses with the help of one of the defendants at a profit of more than the loss suffered by reason of the houses not being duly kept rented, and that, by the sale, among other things specified, defendants were rendered unable to carry out their part of the contract.

Upon evidence tending to prove plaintiff's cause of action, the jury found that he offered defendants all reasonable opportunity to keep the houses leased according to the agreement; that, upon their failure to do so, he used reasonable diligence to minimize the loss by reason thereof, and that he suffered damages by reason of the house not being kept constantly rented in the sum of $526.01.

There was a motion for a new trial upon several grounds, among them that the damages found were excessive. The

motion was denied and judgment rendered against the defendants.

*H. V. Gard,* for the appellants.

*Frank A. Ross,* for the respondent.

MARSHALL, J. Some points are raised by appellants going to the question of whether the verdict is contrary to the evidence and the law as given by the trial court. The complaints in those respects do not seem to have sufficient merit to warrant more than this brief mention thereof.

It is suggested that the contract was to keep both houses leased to desirable tenants, not merely one of them, and so was entire; therefore that the sale of one within the contract term of two years rendered full performance thereafter impossible and released appellants altogether.

The rule that where performance of an entire contract is stipulated for in exchange for a specified consideration, performance in full is a condition precedent to a rightful claim for such consideration, is very familiar, but it does not apply to release a person from performance in part of an entire contract which is easily severable and may be and is severed into parts to the advantage of such person who has been paid for full performance, as in this case. Conceding appellants' obligation to keep both houses leased for the full stipulated period was entire, compensation was not made contingent upon performance. Appellants received it in advance and were not required to make restitution in any way because they were excused from performing part of the service agreed upon by sale of one of the houses. Upon the theory advanced, if a person pays another full compensation for transporting a quantity of freight from place to place and such other be relieved of part of the burden by such person employing a third to do some of the work, such other will be relieved altogether and entitled to keep the compensation for performance besides. That seems quite absurd. We are

unable to see any application of the rule of law counsel invokes to the facts of the case.

Complaint is made because respondent was permitted, at the close of the testimony, to amend the complaint, increasing the amount of damages claimed, upon the theory that the evidence would justify a verdict for the greater amount. We are unable to discover any error in that. It is a very common and proper thing to allow such an amendment where evidence, in any reasonable view, warrants a recovery in excess of the amount prayed for originally, which was the case here, as we shall see.

While appellants were in default respondent, for the purpose of minimizing the damages, leased one house to the best tenant he could reasonably obtain, who occupied the same during the latter part of the two-year period and for some time thereafter, paying as rent $100, which was less by $42.50 than the amount respondent would have received had the contract not been breached. It is claimed such deficit should not be charged to appellants because they did not guarantee collection of the rent.

The trial court evidently construed the agreement to keep the houses leased to desirable tenants as requiring appellants to supply tenants who would occupy the property and pay the rent, and that so long as appellants abandoned the contract and respondent minimized the damages by obtaining all he reasonably could the deficit was chargeable to the former as damages. That is considered to be correct and to render some other detail objections to the recovery unimportant.

In support of the contention that the verdict is excessive it is urged that if all matters directly or indirectly covered by what has been said must be solved in respondent's favor, the total amount lost was but $510.46, or $15.54 less than the verdict. Counsel makes no allowance for interest, even from the time of commencement of the action. Such interest was clearly respondent's due under the complaint and ex-

·ceeds the suggested excess.    Interest was claimed on rent
lost by the breach from the time the loss accrued, and was
·respondent's due as part of his damages, and is nearly three
times the suggested excess in the verdict.    True, the court
·did not instruct the jury on this subject.    It was probably an
·oversight.    The charge is correct as far as it goes, but several
matters are not covered.

On the whole, it is the opinion of the court that the ver-
dict was not rendered for quite as much as respondent was
entitled to under the complaint, evidence, and findings of fact
leading up to the assessment of damages.

*By the Court.*—The judgment is affirmed.